UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANZEL STEARNS, | No. 2:16-cv-2707 KJM CKD P |
| Plaintiff, | |
| v. | ORDER |
| INMATE SERVICES CORPORATION, et al., | |
| Defendants. | |

Plaintiff ("Stearns") is a resident of New Albany, Mississippi. Defendant Inmate Services Corporation ("ISC") is headquartered in West Memphis, Arkansas. The complaint alleges as follows:

> On September 17, 2016, ISC picked up Stearns in Colorado Springs, Colorado on an outstanding warrant calling for him to be transported to Union County Jail in New Albany, Mississippi.
>
> Colorado City, Colorado is 1,105 miles from New Albany, Mississippi.
>
> Had ISC transported Stearns directly from his pick-up to his drop-off location, the trip would have taken approximately 16.5 hours.
>
> ISC did not transport Stearns directly. As a result, his trip took over 200 hours, or nine days.
>
> ISC transported Stearns from Colorado Springs to and through approximately thirteen states, including California where the van stopped in Sacramento, picking up and dropping off other inmates,

> before finally delivering Stearns to Union County Jail, in New Albany, Mississippi on September 25. Instead of heading east from Colorado, ISC's van headed west, traversing Utah, Nevada, and California, then turned south and returned through Nevada to Arizona and through New Mexico, Texas, Oklahoma, Louisiana, and Arkansas before reaching Mississippi.
>
> Throughout the trip, the restraints caused plaintiff physical and emotional pain, which became progressively worse, and caused Stearns to suffer physical injuries. It was impossible for Stearns to get comfortable. He could not stretch his legs or arms. He was not allowed to lie down. Sitting up, he was only able to sleep for a short time.

(ECF No. 1, ¶¶ 19-24.)

The complaint is styled as a class action on behalf of "inmates transported by ISC on or after November 7, 2014, who were forced to remain in ISC's vehicle for more than 48 continuous hours." (Id., ¶ 26.) The class includes subclasses of inmates "who were transported within the State of California" by ISC and its agents or employees for certain periods of time. (Id., ¶ 28.) Plaintiff asserts claims under federal and California law on behalf of himself and "those similarly situated." (Id., ¶¶ 42-52.) Along with defendant ISC, plaintiff lists 1 to 100 agents or employees of ISC as John Doe defendants. (Id., ¶ 6.)

The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Plaintiff asserts that "a substantial part of the events or omissions giving rise to the claim" occurred in the Eastern District of California, despite taking place over a nine-day trip through thirteen states. (ECF No. 1, ¶2.) Thus venue is technically appropriate in this district. Nevertheless, the court is transferring this action to the Eastern District of Arkansas pursuant to 28 U.S.C. § 1404(a) in the interests of justice because the sole named defendant is headquartered in that district, and because plaintiff does not reside in the Eastern District of California.

2

1    IT IS THEREFORE ORDERED that this action is transferred to the Eastern District of
Arkansas.

Dated:  December 1, 2016

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / stea2702.21